IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 15-860-SLR ) |
| SERGEANT JOHN LLOYD, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM**

At Wilmington this 23rd day of May, 2017, having conducted a bench trial on the issues remaining after the summary judgment exercise in the above captioned case (see D.I. 51-53), and after reviewing the evidence presented and the parties' post-trial submissions (see D.I. 55-56), the court issues its decision to enter judgment in favor of defendant and against plaintiff based on the reasoning that follows:

1. **Background.**[1] As related above, the court issued its summary judgment decision on February 10, 2017, and left only one issue for trial - plaintiff's Fourth Amendment claim relating to the strip search conducted at Troop 2 the night of plaintiff's arrest. The parties opted to have this single issue tried to the bench rather than to a jury. (D.I. 53) Trial was conducted on February 27, 2017.[2] Plaintiff did not

---

[1]The court assumes familiarity with the facts, as related in the summary judgment decision issued February 10, 2017. (D.I. 51)

[2]The instant memorandum constitute the court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52. The court has jurisdiction to render its decision pursuant to 28 U.S.C. § 1331.

dispute at trial that the police had probable cause to detain plaintiff and bring him back to Troop 2 for questioning. (D.I. 51 at 3; D.I. 57 at 4-5) Therefore, the court will not reiterate the facts leading up to plaintiff's arrest.

2. **Legal standard.** It is plaintiff's burden to prove, by a preponderance of the evidence, that the strip search at issue violated his Fourth Amendment right to be free from the use of excessive force. The Supreme Court has explained its Fourth Amendment jurisprudence in terms of balancing "the nature and quality of the intrusion" against the recognition that "some degree of physical coercion or threat thereof to effect it" may be necessary when making an arrest or investigatory stop. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The Third Circuit has also recognized that a search incident to a lawful arrest is lawful, even when a strip search is conducted. *See United States v. LePree*, 434 F.2d 1034, 1036 (3d Cir. 1970); *Harrison v. Christopher*, 489 F. Supp. 2d 375, 380 (D. Del. 2007).

3. **Analysis.** The question before the court is whether the probable cause that supported plaintiff's arrest and transportation back to Troop 2 somehow dissipated by the time he arrived at Troop 2 and was strip searched. The record demonstrates that, by the time plaintiff was transported to Troop 2, he had already been patted down and his vehicle searched with no result, leaving only the statement incriminating plaintiff made by the original suspect (William Camp) after Camp had been apprehended. According to plaintiff, because the statement was "inherently untrustworthy," there was no longer probable cause to undertake a strip search, described by plaintiff as "an extreme intrusion and a unique personal violation." (D.I. 56 at 5-6, citing *Lilly v.*

2

*Virginia*, 527 U.S. 116, 133 (1999), for the proposition that "an accomplice's statements that shift or spread the blame to" another are insufficiently reliable to be admitted in evidence).

4. The reason the court denied summary judgment to defendant in the first instance was because the contemporary paperwork completed at Troop 2 contained inconsistent statements relating to what the police officers knew and when by the time plaintiff arrived at Troop 2. (*Compare, e.g.*, PX 1 with DX 5 with DX 3[3]) Defendant concedes the inaccuracies in the paperwork related to the incident at issue,[4] but contends that (notwithstanding such) "the legality of the strip search is viewed under the objective facts available to law enforcement at the time of the search." (D.I. at 8, citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996) ("[P]rincipal components of a determination of . . . probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable officer, amount to . . . probable cause. The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact."))

5. The only basis for the stop and arrest was Camp's statement incriminating plaintiff. By the time plaintiff arrived at Troop 2, he had been patted down and his

---

[3]The guidance provided by the Delaware State Police in this regard is that "[a] strip search will be utilized when the arresting officer reasonably suspects that weapons, contraband or evidence may be concealed upon the person or in the clothing in such a manner that it may not be discovered by previous search methods." (DTX 3)

[4]Of course, such careless records detract from the public's confidence in law enforcement.

3

vehicle searched, with no heroin or other evidence of drug dealing found. The court concludes that whatever weight was given to Camp's statement in the first instance, its trustworthiness should have been questioned when neither the pat-down nor the vehicle search resulted in evidence consistent with Camp's accusation that plaintiff had the heroin. Such reasoning leads to the conclusion that the probable cause basis for the stop, initial search, and arrest was no longer a sufficient basis to conduct a strip search of plaintiff at Troop 2.

6. Notwithstanding the above conclusion, judgment will be entered in defendant's favor and against plaintiff on the grounds of qualified immunity. The doctrine of qualified immunity protects a law enforcement officer from civil damages unless he violated a constitutional right that was clearly established. *Reichle v. Howards*, 566 U.S. 658 (2012). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). As of 2013, there was no controlling case law that prohibited a police officer from requesting a strip search of a drug suspect when there was probable cause for the arrest of that suspect, as recognized by the Third Circuit in *LePree*, 434 F.2d at 380. Moreover, the strip search at issue was completed in less than five minutes. For all of these reasons, the court concludes that defendant would not have been sufficiently on notice that the ordered strip search of plaintiff would have violated the Fourth Amendment.

7. **Conclusion.** For the reasons stated, judgment will be entered in favor of

defendant John Lloyd and against plaintiff Shawn Russell. An order shall issue.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Senior United States District Judge